**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| THERESA SCHAPER | ) | **Case No. 1:25-cv-00130-CCE-JEP** |
| Plaintiff | ) | |
| v. | ) | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| WOLFSPEED, INC. | ) | |
| Defendant | ) | |

**TABLE OF CONTENTS**

**Page**


I. PRELIMINARY STATEMENT .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

a. Plaintiff's Claims Are Conclusory .......... 6

i. Plaintiff Alleges No Facts Supporting Her Age Discrimination Claim .......... 6

ii. Plaintiff Alleges an Obvious Alternative Explanation for Her Employment Termination .......... 9

b. Plaintiff's First, Second, and Third Age Discrimination Complaints Are Too Remote to Support Plaintiff's Claims .......... 11

V. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U. S. 662 (2009) .......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Cunningham v. N.C. DHSS*,
No. 5:20-CV-643-FL, 2021 WL 4314434 (E.D.N.C. Sept. 22, 2021) .......... 7

*Laber v. Harvey*,
438 F. 3d 404 (4th Cir. 2006) .......... 8

*McCleary-Evans v. Md. Dep't of Transp.*,
780 F.3d 582 (4th Cir. 2015) .......... 4, 5, 8

*O'Connor v. Consol. Coin Caterers Corp.*,
517 U. S. 308 (1996) .......... 6

*Overman v. Town of Hillsborough*,
No. 1:18-CV-1052, 2020 WL 435825 (M.D.N.C. Jan. 28, 2020) .......... 9

*Philips v. Pitt County Memorial Hosp.*,
572 F.3d 176 (4th Cir. 2009) .......... 2

*Ramos v. Carolina Motor Club, Inc.*,
No. 3:17-cv-00212-RJC-DSC, 2018 WL 3040028 (W.D.N.C. June 19, 2018) .......... 10

*Tickles v. Johnson*,
805 F. App'x 204 (4th Cir. 2020) .......... 4, 7

*Wilson v. UNC Health Care Sys.*,
No. 1:19CV1169, 2020 WL 5764368 (M.D.N.C. Sept. 28, 2020) .......... 7, 8

**Statutes**

29 U.S.C. § 623(a) .......... 4,5

29 U.S.C. § 623(d) .......... 4,5

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................... 1, 4

Defendant Wolfspeed, Inc. ("Wolfspeed"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Theresa Schaper's Amended Complaint (the "Amended Complaint" or "AC") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. <u>PRELIMINARY STATEMENT</u>

Plaintiff's Amended Complaint arises from Wolfspeed's termination of her employment in December 2023. Notwithstanding Plaintiff's awareness of the fact that her employment was being terminated due to an ongoing pattern of unprofessional and harassing behavior that prompted numerous Human Resources complaints from one of Plaintiff's direct reports and her peers, Plaintiff now seeks to portray Wolfspeed as a discriminatory organization that terminated Plaintiff's employment because of her age. But Plaintiff's conclusory allegations establish that she has no claim for which relief may be granted. Plaintiff does not—and cannot—allege any facts suggesting that Wolfspeed discriminated against Plaintiff in violation of the Age Discrimination in Employment Act (the "ADEA"). To the contrary, Plaintiff's own allegations make clear that Wolfspeed terminated Plaintiff's employment because of ***Plaintiff's*** inappropriate behavior. Because Plaintiff's Amended Complaint consists almost entirely of bare recitations of the elements of her causes of action, and because the few facts she alleges do not support her claims, this Court should dismiss both of Plaintiff's claims with prejudice.

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff was employed by Wolfspeed from 2013 to 2023, most recently as a Manager Failure Analysis Engineering. *See* Plaintiff's Charge of Discrimination at 1.[1] At the time Wolfspeed first hired Plaintiff, she was 56 years old. *See id.*, *see also* AC ¶18. In March 2023, Plaintiff was tasked with filling an open position in Wolfspeed's Fayetteville, Arkansas lab. AC ¶ 22, 25. One of the potential candidates was Terry Edwards, who was over 40 years old, and who ultimately was hired for the position. AC ¶¶ 26-27, 65. Plaintiff alleges that Kit Midlam, a Failure Analysis Technician, asked Plaintiff not to hire Mr. Edwards because they "didn't like old white men." AC ¶ 29.[2] Plaintiff also alleges that Abby Wise, a Failure Analysis Engineer III, made the same comment. AC ¶ 34. Plaintiff alleges that she reported both comments to Donald Gajewski, a director, and to Wolfspeed's Human Resources Department ("First Age Discrimination Complaint"). AC ¶¶ 38-39, 43.

Plaintiff alleges that she made two subsequent complaints of age discrimination after Mr. Edwards' hiring, purportedly related to comments made by two lower-level Wolfspeed employees who both had no supervisory authority, generally, nor any involvement in the decision to terminate Plaintiff's employment at Wolfspeed. The first is

---

[1] The Court may consider Plaintiff's Charge of Discrimination (the "Charge," attached hereto as **<u>Exhibit A</u>**) without converting this motion into a motion for summary judgment because the Charge is "integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] Wolfspeed disputes this and many other of Plaintiff's allegations, but for the purposes of this motion, treats Plaintiff's allegations as true. Further, for the sake of clarity: Plaintiff's Complaint incorrectly refers to Kit Midlam as "Kayla Midlam" and describes Midlam as a woman. While Plaintiff was employed at Wolfspeed, Midlam and others informed Plaintiff that Midlam uses they/them pronouns and that to refer to Midlam as "she" or "her" misgenders them.

a June 2023 complaint in which Plaintiff informed Wolfspeed's Human Resources team that Mr. Edwards felt that his team did not like him because of his age (the "Second Age Discrimination Complaint"). AC¶¶ 66, 67, 70. Next, in September 2023, Plaintiff made a report that stemmed from two separate incidents: first, that Ms. Wise reported Mr. Edwards for staring at female employees, but then later admitted to Plaintiff that Mr. Edwards "stares at everyone"; and second, that an employee by the name of Joseph Payne "directed his temper" towards Plaintiff "because of her age" (the "Third Age Discrimination Complaint"). AC ¶¶ 78, 83, 85, 92-94, 97.

On or about November 30, 2023, Human Resources Representative Lauren Winston and Mr. Gajewski met with Plaintiff to discuss a separate complaint that was filed against her. AC ¶¶ 108-109. Plaintiff was informed that Ms. Wise filed the complaint against her; for no reason other than pure speculation, Plaintiff felt, in response, that Wise's dislike of "old white men" extended to older white women like herself, and Plaintiff raised that belief with Wolfspeed's Human Resources Department. AC ¶ 112-114 (the "Fourth Age Discrimination Complaint"). After the meeting and on the same day, Plaintiff emailed Ms. Winston and Mr. Gajewski to reiterate the Fourth Age Discrimination Complaint (the "Fifth Age Discrimination Complaint"). AC ¶¶ 125-126.

On December 1, 2023, Mr. Gajewski and Ms. Winston informed Plaintiff that her employment at Wolfspeed was terminated. AC ¶ 134-135. Plaintiff alleges that upon information and belief, she was replaced with an individual under the age of forty but does not allege any identifying information about this supposed replacement, including that person's actual age or qualifications. AC ¶ 139.

On or about November 25, 2024, the Equal Employment Opportunity Commission issued and mailed a Notice of Right to Sue letter to Plaintiff regarding the Charge of Discrimination Plaintiff filed against Wolfspeed. AC ¶ 9. On February 21, 2025, Plaintiff filed this Complaint against Wolfspeed alleging two counts: first, for age discrimination in violation of 29 U.S.C. § 623(a), and second, for retaliation in violation of 29 U.S.C. § 623(d). AC ¶¶ 147-159, 160-171.

## III. LEGAL STANDARD

The Court must dismiss a complaint where the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (cleaned up). Factual allegations must "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Factual allegations in a complaint need to be supported by more than merely conclusory statements to survive a motion to dismiss, and there must be more than a "sheer possibility" that a defendant acted unlawfully. *Id.* at 555; *Iqbal*, 556 U.S. at 678. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not show[n] 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (citation omitted).

A complaint must also allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. Mere "labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U. S. at 555

(2007). That is, in evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs. com, Inc*., 591 F. 3d 250, 255 (4th Cir. 2009) (quotations omitted).

## IV. ARGUMENT

Plaintiff alleges claims against Wolfspeed for age discrimination and retaliation in violation of 29 U.S.C. §§ 623(a) and 623(d), respectively. To prevail on both claims, Plaintiff must "allege facts to satisfy the elements of a[n] [ADEA] cause of action." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). Here, Plaintiff must therefore allege that she is over 40 years old and experienced discrimination by an employer because of her age (*see Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (citation omitted)) by setting forth specific facts that state a "plausible claim," support a "reasonable inference" of discrimination, and "raise a right to relief above the speculative level." *McCleary-Evans*, 780 F.3d at 585. Plaintiff has not met her pleading burden. Instead, Plaintiff relies on threadbare allegations that amount to nothing more than a "formulaic recitation of the necessary elements" for her claims. *Id.* The Court should dismiss both claims.

In the alternative, even if the Court concludes that Plaintiff's naked allegations are enough to survive a motion to dismiss, it should narrow Plaintiff's retaliation claim. Plaintiff alleges a claim for retaliation based in part on purported First, Second, and Third

Age Discrimination Complaints that occurred months before Wolfspeed terminated her employment. These alleged incidents are too removed from Plaintiff's termination to support a retaliation claim as a matter of law. If the Court does not enter an order dismissing both claims, it should issue an order limiting Plaintiff's retaliation claim to her alleged Fourth and Fifth Age Discrimination Complaints.

**a. <u>Plaintiff's Claims Are Conclusory</u>**

Plaintiff alleges no specific facts that elevate her claims beyond mere speculation. Plaintiff's age discrimination claim consists entirely of conclusory recitations of the elements of that cause of action, with no factual support whatsoever suggesting that Wolfspeed terminated Plaintiff's employment due to her age. Crucially, Plaintiff fails to allege any factual information regarding her reported replacement—a dispositive failure as a matter of law.

As to her retaliation claim, though Plaintiff alleges the existence of various purported discrimination complaints and contends that Wolfspeed terminated her employment, Plaintiff pleads herself out of court by alleging the actual, legitimate basis for her termination: a troubling pattern of discriminatory, harassing, and retaliatory behaviors that resulted in multiple human resources complaints against Plaintiff filed by one of Plaintiff's then-direct reports and other employees. Plaintiff cannot raise any plausible inference of age discrimination, and both her claims fail as a result.

i. <u>Plaintiff Alleges No Facts Supporting Her Age Discrimination Claim</u>

Plaintiff's claim for age discrimination under the ADEA is entirely devoid of any supporting factual allegations. Instead, Plaintiff alleges only that: she was 66 years old at

the time Wolfspeed terminated her employment; Wolfspeed "treated [her] differently than other similarly situated employees who were outside the protected class"; and "upon information and belief, Wolfspeed replaced Plaintiff with a person who was significantly younger and/or did not belong to the protected class."[3] AC ¶¶ 147-159. Plaintiff's conclusory recitation of elements cannot withstand a motion to dismiss.

Courts evaluating the type of bare-bones allegations Plaintiff lodges in this case routinely dismiss discrimination claims as inadequately supported. In *Krings v. AVL Technologies*, the United States District Court for the Western District of North Carolina dismissed a claim for age discrimination under the ADEA where the plaintiff alleged "that he [was] 75 years old, that he was terminated, and that 'a significantly younger, less qualified individual was hired' following [his] termination." No. 1:21 CV 150 MR WCM, 2022 WL 17548586, at *3 (W.D.N.C. Sept. 16, 2022). The court concluded that these allegations did not "provide any facts to suggest that [the plaintiff's] termination was based on his age" and that the plaintiff failed to make "any specific factual allegations supporting his statement that he was replaced with a younger individual, including the age of that individual." *Id.* Similarly, in *Tickles v. Johnson*, the Fourth Circuit analyzed whether the complaint contained factual allegations that supported a reasonable inference that plaintiff

[3] Even if taken as true, Plaintiff's allegation that the unspecified person who purportedly replaced her "did not belong to the protected class" is irrelevant. The ADEA "does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U. S. 308, 312 (1996). The Supreme Court has held that there is no probative value in "the fact that an ADEA plaintiff was replaced by someone outside the protected class. " *Id.*

was discriminated against because of his age. 805 F. App'x 204, 207-208 (4th Cir. 2020). Because there were no allegations regarding whether and how age factored into defendant's decision not to promote plaintiff, such as "the nature of the requirements for promotion, [plaintiff]'s own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own," the *Tickles* court concluded that the plaintiff's claims were insufficient as a matter of law. *Id.*

The same result should pertain here. Plaintiff does not identify how she was treated differently "than other similarly situated employees who were outside the protected class": even taking Plaintiff's allegations at face value, the Amended Complaint contains no information whatsoever about any other Lab Manager or employee with a similar position of authority who was outside the protected class, the subject of multiple employee human resources complaints, and not fired. Nor does Plaintiff identify any person who replaced her as a Lab Manager. Instead, Plaintiff alleges only that such a person was "significantly younger" or "did not belong to the protected class." These allegations fail as a matter of law because Plaintiff "merely states in a conclusory manner" that she was terminated based on her age. *See Wilson v. UNC Health Care Sys.*, No. 1:19CV1169, 2020 WL 5764368, at *9 (M.D.N.C. Sept. 28, 2020) (dismissing ADEA discrimination claim where plaintiff's allegations "fail[ed] to raise a right to relief above the speculative level"); *Cunningham v. N.C. DHSS*, No. 5:20-CV-643-FL, 2021 WL 4314434, at *6-7 (E.D.N.C. Sept. 22, 2021) (dismissing ADEA discrimination claim where plaintiff "fail[ed] to allege any facts that would support a reasonable inference that any adverse employment action taken against her was because of her age"). Moreover, Plaintiff's allegations about Wolfspeed's failure

to investigate her First, Second, and Third Complaints of Age Discrimination, even if taken as true, have no bearing on her termination, which occurred months later. On their face, these three instances of alleged age discrimination have nothing to do with Plaintiff or her termination but instead involve alleged comments about the age of another employee, Mr. Edwards. Indeed, Plaintiff admits that Wolfspeed ***did*** hire Mr. Edwards notwithstanding his age. AC ¶¶ 27, 65. Plaintiff conclusively alleges that failing to investigate the three Complaints of Age Discrimination was due to Wolfspeed's general age discriminatory practices, with no facts to support such allegations. In sum, Plaintiff's claim fails.

ii. Plaintiff Alleges an Obvious Alternative Explanation for Her Employment Termination

Plaintiff's retaliation claim fares no better. To establish a prima facie case of retaliation, Plaintiff must allege that she engaged in a protected activity and that Wolfspeed terminated her employment because of the protected activity. *See Laber v. Harvey*, 438 F. 3d 404, 432 (4th Cir. 2006). Significantly, these allegations must be plausible, and "if the plausibility inquiry is to have any meaning, Plaintiff's allegations must also show that discrimination is a more likely reason . . . than any other 'obvious alternative explanation' that is present on the face of the complaint and 'justified by nondiscriminatory intent.'" *Wilson*, 2020 WL 5764368, at *9 (citing *Tabb v. Bd. of Educ. of Durham Pub. Sch.*, No. 1:17CV730, 2019 WL 688655, at *8 (M.D.N.C. Feb. 19, 2019)). Where an alternative explanation for the alleged adverse employment action is readily discernible from the complaint, courts dismiss the claims.

*McCleary-Evans* is instructive. There, the Fourth Circuit found that plaintiff could only speculate that she did not get a position because of her race and that such speculation was "not plausible in light of the 'obvious alternative explanation' that the decisionmakers simply judged those hired to be more qualified and better suited for the positions." 780 F.3d at 588. Thus, the Fourth Circuit affirmed the dismissal of the complaint because given the presence of an obvious alternative explanation, the plaintiff's allegations "stop[ped] short of the line between possibility and plausibility of entitlement to relief." *Id.* Similarly, where a plaintiff alleges a "legitimate, nondiscriminatory reason for the termination without any suggestion that those reasons were pretextual," the claim should be dismissed. *See Overman v. Town of Hillsborough*, No. 1:18-CV-1052, 2020 WL 435825, at *2 (M.D.N.C. Jan. 28, 2020) (dismissing ADEA claim where the complaint alleged that employee was terminated due to an "inability to maintain effective relationships" and "unsatisfactory work performance").

Here, Plaintiff alleges protected activity but cannot meet her burden to allege plausibly that discrimination was the reason for her termination. In fact, Plaintiff's other allegations present an "obvious alternative explanation": on November 30, 2024, Wolfspeed Human Resources personnel met with Plaintiff to address a complaint that had been filed against her by one of her direct reports. During that same discussion, Human Resources personnel addressed Plaintiff's history of engaging in harassing behavior. AC ¶¶ 108-109. Wolfspeed terminated Plaintiff's employment the following day due to her history and ongoing pattern of discriminatory and retaliatory behavior. AC ¶¶ 134-136. Plaintiff notably does not allege any of the details of the substance of that complaint, but

even so, its existence is the type of "obvious alternative explanation" that dooms Plaintiff's retaliation claim. Because the Amended Complaint contains a legitimate, non-discriminatory basis for Wolfspeed's decision to terminate Plaintiff's employment, Plaintiff has not alleged facts that could plausibly support an inference that Wolfspeed terminated Plaintiff's employment to retaliate against her. The Court should dismiss this claim, too.

**b. Plaintiff's First, Second, and Third Age Discrimination Complaints Are Too Remote to Support Plaintiff's Claims**

In the alternative, this Court should narrow Plaintiff's retaliation claim to the extent it rests on her First, Second, and Third Age Discrimination Complaints. To establish a retaliation claim in the absence of direct evidence, Plaintiff may rely on temporal proximity, but "the Fourth Circuit's limit to temporal proximity usually occurs when there is a gap of a month or more." *Ramos v. Carolina Motor Club, Inc.*, No. 3:17-cv-00212-RJC-DSC, 2018 WL 3040028, at *8 (W.D.N.C. June 19, 2018). Because each of Plaintiff's alleged First, Second, and Third Age Discrimination Complaints occurred months before Wolfspeed terminated Plaintiff's employment in December 2023 (March 2023, June 2023, and September 2023, respectively), none can establish sufficient temporal proximity to state a *prima facie* case for discriminatory retaliation. Accordingly, given the long gap between the alleged discrimination complaints and Wolfspeed's purportedly retaliatory termination of Plaintiff's employment, Plaintiff's retaliation claim should be narrowed to encompass only Plaintiff's alleged Fourth and Fifth Age Discrimination Complaints.

## V. **CONCLUSION**

Plaintiff's conclusory allegations fail to state any claim for which relief may be granted. Because Plaintiff has not alleged any facts that raise any right to relief above the speculative level, Wolfspeed respectfully requests this Court dismiss Plaintiff's claims with prejudice.

This the 23rd day of May, 2025.

*/s/ Michaela C. Holcombe*
Rebecca K. Lindahl
N.C. Bar No. 35378
rebecca.lindahl@katten.com
Michaela C. Holcombe
N.C. Bar No. 50780
michaela.holcombe@katten.com
KATTEN MUCHIN ROSENMAN LLP
615 South College Street Suite 1700
Charlotte, NC 28202
*Attorneys for Defendant Wolfspeed, Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned attorney for Defendant Wolfspeed, Inc. hereby certifies that it has met and conferred with counsel for the Plaintiff regarding the basis of the foregoing Motion to Dismiss and whether the disputed issues may be resolved or narrowed by filing an Amended Complaint, prior to filing the foregoing Motion to Dismiss, in compliance with the Order of the Clerk of Court Lawrence H. Cunningham, dated March 27, 2025.

This the 23rd day of May, 2025.

*/s/ Michaela C. Holcombe*
*Attorney for Defendant Wolfspeed, Inc.*

**CERTIFICATE OF WORD COUNT**

The undersigned counsel of record for Wolfspeed, Inc. hereby certifies that the accompanying brief complies with Local Rule 7.3(d)(1). By relying on the word count feature of Microsoft Word used in preparation of the brief, I certified that this brief contains less than 6,250 words, excluding the caption and signature blocks but including footnotes.

*/s/ Michaela C. Holcombe*
*Attorney for Defendant Wolfspeed, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

Evan Gungor
Spitz, The Employee's Law Firm
5540 Centerview Drive Suite 200B
Raleigh, NC 27606
evan.gungor@spitzlawfirm.com
*Attorney for Plaintiff Theresa Schaper*

*/s/ Michaela C. Holcombe*
*Attorney for Defendant Wolfspeed, Inc.*