IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THERESA SCHAPER<br><br>*Plaintiff*<br><br>v.<br><br>WOLFSPEED, INC.<br><br>*Defendant* | Case No. 1:25-cv-00130- CCE-JEP<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ......................................................................................... 1
II. ARGUMENT.......................................................................................................................... 1
    a. Plaintiff Relies Only on Conclusory Allegations........................................................ 1
    b. Plaintiff Does Not Plead a *Prima Facie* Case for Her ADEA Claim ...................... 2
    c. Plaintiff Did Not Plead Disparate Treatment Between Herself and a Similarly Situated Wolfspeed Employee .................................................................................. 5
    d. Plaintiff's Cat's Paw Theory of Liability Is Inapplicable ........................................ 6
    e. The Court May Consider the "Obvious Alternative Explanation" Plaintiff Alleged ................................................................................................................................... 7
    f. Plaintiff's Retaliation Claim Cannot Rest on Plaintiff's First, Second, and Third Discrimination Complaints ...................................................................................... 8
III. CONCLUSION................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barbour v. Garland*,
    105 F.4th 579 (4th Cir. 2024) ...........................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................................2

*Buchhagen v. ICF International, Inc.*,
    545 F. App'x 217 (4th Cir. 2013) ......................................................................................3

*Carter v. Ball*,
    33 F.3d 450 (4th Cir. 1994) ...............................................................................................9

*Cunningham v. N.C. DHSS*,
    No. 5:20-CV-643-FL, 2021 WL 4314434 (E.D.N.C. Sept. 22, 2021) ...............................2

*E.E.O.C. v. Baltimore County*,
    747 F.3d 267 (4th Cir. 2014) .............................................................................................6

*Goines v. Valley Cmty. Servs. Bd.*,
    822 F.3d 159 (4th Cir. 2016) .............................................................................................4

*Haywood v. Locke*,
    387 F. App'x 355 (4th Cir. 2010) ......................................................................................5

*Hazen Paper Co. v. Biggins*,
    507 U.S. 604 (1993) ......................................................................................................5, 6

*Hill v. Lockheed Martin Logistics Mgmt., Inc.*,
    354 F.3d 277 (4th Cir. 2004) .............................................................................................6

*Horne v. Reznick Fedder & Silverman*,
    154 F. App'x 361 (4th Cir. 2005) ...................................................................................8, 9

*King v. Rumsfeld*,
    328 F.3d 145 (4th Cir. 2003) .............................................................................................9

*Krings v. AVL Technologies*,
    No. 1:21 CV 150 MR WCM, 2022 WL 17548586 (W.D.N.C. Sept. 16, 2022) ................4

*Lettieri v. Equant Inc.*,
    478 F.3d 640 (4th Cir. 2007) ...........................................................................................10

*Long v. Forsyth Cty Dept. of Social Services*,
   2016 WL 7496122 (M.D.N.C. 2016)...................................................................................6

*Massey v. Focke & Co.*,
   No. 1:24-CV-00002, 2025 WL 713910 (M.D.N.C. Mar. 5, 2025)............................................4

*Miller v. Nash Cnty.*,
   No. 5:21-CV-00163-M, 2022 WL 989213 (E.D.N.C. Mar. 31, 2022) ......................................1

*O'Neal v. Ferguson Construction Co.*,
   273 F.3d 1248 (10th Cir. 2001) ............................................................................................10

*Overman v. Town of Hillsborough*,
   No. 1:18-CV-1052, 2020 WL 435825 (M.D.N.C. Jan. 28, 2020) ............................................7

*Ramos v. Carolina Motor Club, Inc.*,
   No. 3:17-cv-00212-RJC-DSC, 2018 WL 3040028 (W.D.N.C. June 19, 2018) ........................8

*Thomas v. City of Annapoli*,
   851 F. App'x 341 (4th Cir. Mar. 12, 2021)..............................................................................9

*Warch v. Ohio Cas. Ins. Co.*,
   435 F.3d 510 (4th Cir. 2006) ..................................................................................................3

*Wilson v. UNC Health Care Sys.*,
   No. 1:19CV1169, 2020 WL 5764368 (M.D.N.C. Sept. 28, 2020) .......................................2, 7

**Statutes**

Age Discrimination in Employment Act ............................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).........................................................................................................1

Rule 7.3(d)(1).......................................................................................................................12

Defendant Wolfspeed, Inc. ("Wolfspeed"), by its undersigned counsel, respectfully submits this reply memorandum of law in further support of its Motion to Dismiss (the "Motion" or the "Motion to Dismiss," ECF No. 14) Plaintiff Theresa Schaper's Amended Complaint (the "Amended Complaint" or "Am. Compl.") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. PRELIMINARY STATEMENT

Plaintiff's Opposition to the Motion to Dismiss (the "Opposition" or "Opp.," ECF No. 16), doubles down on conclusory allegations that fail to establish claims of discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"). Plaintiff still cannot point to any allegation in her Amended Complaint that contradicts the fact that Plaintiff was terminated from her employment at Wolfspeed not due to age discrimination, but due to legitimate, separate reasons related to her performance and unacceptable behavior towards the rest of her team. Plaintiff attempts to distract this Court, but her theories are unsupported by the Amended Complaint. Plaintiff's claims should be dismissed.

## II. ARGUMENT

Plaintiff's Opposition confirms that Plaintiff has alleged no specific facts that elevate her claims beyond mere speculation.

### a. **Plaintiff Relies Only on Conclusory Allegations**

Although Plaintiff need not plead a *prima facie* case for her discrimination and retaliation claims at the Rule 12(b)(6) stage, her allegations nevertheless must be "adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." *Miller v. Nash Cnty.*, No. 5:21-CV-00163-M, 2022 WL 989213, at *8 (E.D.N.C. Mar. 31, 2022) (citation omitted). But Plaintiff's Amended Complaint fails to assert any allegations that support a reasonable inference that Wolfspeed terminated Plaintiff's employment because of her age. *See*

*Cunningham v. N.C. DHSS*, No. 5:20-CV-643-FL, 2021 WL 4314434, at *6-7 (E.D.N.C. Sept. 22, 2021) (dismissing ADEA discrimination claim where plaintiff "fail[ed] to allege any facts that would support a reasonable inference that any adverse employment action taken against her was because of her age"). There are simply no factual allegations asserting that age factored, in any way, into Wolfspeed's decision to terminate Plaintiff's employment. Rather, Plaintiff attempts to persuade this Court that there was "disparate treatment between how Defendant treated [Plaintiff's] reports of discrimination and how it treated [a younger employees]'s reports of discrimination," (Opp. at 10), but Plaintiff does not allege—and the Court cannot infer the existence of—any causal connection between Wolfspeed's alleged investigation of complaints of discrimination brought by *other employees* and its later decision, months after the fact, to terminate Plaintiff's employment. Instead, Plaintiff "merely states in a conclusory manner" that she was terminated based on her age, hoping this Court will accept these bare-bones allegations as adequate. *See Wilson v. UNC Health Care Sys.*, No. 1:19CV1169, 2020 WL 5764368, at *9 (M.D.N.C. Sept. 28, 2020). It should not. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Because Plaintiff's ADEA discrimination claim allegations are purely conclusory, the Court should dismiss the claim.

        **b.**     **Plaintiff Does Not Plead a *Prima Facie* Case for Her ADEA Claim**

Notwithstanding Plaintiff's failure to support her alleged ADEA claim, Plaintiff nevertheless contends that she has pled a *prima facie* case of unlawful age discrimination. To successfully state a *prima facie* case for age discrimination, Plaintiff must plead that: (1) she is a member of a protected class; (2) Wolfspeed took an adverse employment action against her; (3) Plaintiff had satisfactory job performance at the time of the adverse action; and (4) Wolfspeed

replaced her with a substantially younger employee.  *See Buchhagen v. ICF International, Inc.*, 545 F. App'x 217 (4th Cir. 2013).  Plaintiff cannot satisfy the last two elements.[1]

Specifically, Plaintiff fails to allege satisfactory job performance.  Tacitly acknowledging that the Amended Complaint does not allege that Plaintiff was performing her job to Wolfspeed's satisfaction at the time of her termination, Plaintiff relies on *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 514 (4th Cir. 2006), to argue that the fact that a person was hired at all indicates that they have the basic performance qualifications for any given job.  (Opp. at 8, citing *Warch*.)  Plaintiff then argues it is "unlikely any true work performance issue" existed because Wolfspeed hired Plaintiff initially and, during Plaintiff's tenure at Wolfspeed, promoted her occasionally over the years.  (Opp. at 9.)  But Plaintiff incorrectly analyzes *Warch*'s holding: in *Warch*, the Court found that courts are not required to focus solely on "qualifications" for hiring to the exclusion of the employer's *legitimate job expectations* when evaluating a plaintiff's prima facie case of unlawful termination.  *See Warch*, 435 F.3d at 514.  That is, an employee may be qualified when hired, but could fail either to maintain his qualifications or meet his employer's legitimate performance expectations.  *See id.*  And Plaintiff pleaded such a failure to meet Wolfspeed's legitimate performance expectations: namely, Plaintiff pleads that another employee filed a complaint against Schaper due to allegations of Schaper's retaliation against subordinates.  (Am. Compl. ¶ 109-110.)  Wolfspeed does not permit its employees to retaliate against one another.  Plaintiff's allegations that she was the subject of a retaliation complaint that required intervention by Wolfspeed's human resources department indicate that Plaintiff was not meeting Wolfspeed's employer's legitimate performance expectations.  (Am. Compl. ¶ 108-112.)  Moreover, Plaintiff's EEOC Charge,

---

[1] Wolfspeed does not dispute that Plaintiff is over the age of forty or that Wolfspeed's termination of Plaintiff's employment qualifies as an "adverse employment action."

3

incorporated by reference to the Amended Complaint,[2] references prior complaints lodged against Plaintiff for inappropriate comments at work, underscoring her unsatisfactory job performance. Given the absence of any other allegation setting forth Plaintiff's satisfactory job performance, Plaintiff cannot meet the third element of her *prima facie* ADEA claim.

Nor did Plaintiff plead that she was replaced by a substantially younger employee. North Carolina courts have found the same level of detail that Plaintiff provided in her Amended Complaint on her replacement to be insufficient to survive a motion to dismiss. *See* Mot. to Dismiss at 7; *see also Krings v. AVL Technologies,* No. 1:21 CV 150 MR WCM, 2022 WL 17548586, at *3 (W.D.N.C. Sept. 16, 2022) (holding that plaintiff had not made any specific factual allegations supporting his statement that he was replaced with a younger individual, including the age of that individual); *Massey v. Focke & Co.*, No. 1:24-CV-00002, 2025 WL 713910, at *3 (M.D.N.C. Mar. 5, 2025) (finding that plaintiff's claim merely recited the required elements of an ADEA claim without providing any factual allegations to support the alleged legal conclusions, including not alleging details about the age or qualifications of his replacement).

Accordingly, Plaintiff has not pled a *prima facie* case of discrimination under the ADEA.

---

[2] As a preliminary matter, Plaintiff contends that the Court should not consider the contents of her EEOC Charge because Plaintiff does not "rely on, quote, or reference the content" of the charge. (Opp. at 6.) Plaintiff's Amended Complaint, however, *does* reference the EEOC Charge. (Am. Compl. ¶ 8.) Plaintiff may not reference the document for one purpose while simultaneously preventing Wolfspeed from using it to challenge the sufficiency of Plaintiff's Amended Complaint. Because the document is "integral to the complaint and [because] there is no dispute about the document's authenticity," it may be considered without converting the Motion to Dismiss to summary judgment. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). However, if the Court concludes that it may not consider the EEOC Charge without converting the 12(b)(6) motion, Wolfspeed requests that the Court not consider the EEOC Charge and avoid converting the dismissal motion.

### c. Plaintiff Did Not Plead Disparate Treatment Between Herself and a Similarly Situated Wolfspeed Employee

In a disparate treatment case, liability depends on whether the protected trait—under the ADEA, age—was the actual motivation for the employer's decision. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609-610 (1993). That is, a disparate treatment claim "cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." *Id.* Thus, when the employer's decision is "wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears." *Id.* Here, Plaintiff argues that she suffered disparate treatment between herself and a substantially younger, similarly situated employee because Plaintiff claims Wolfspeed investigated Wise's human resources complaints but not Plaintiff's. (Opp. at 11.) Plaintiff fails to allege any facts demonstrating that Wise is a "similarly situated" Wolfspeed employee.

*Haywood v. Locke*, 387 F. App'x 355, 360 (4th Cir. 2010), is instructive. In *Haywood*, the Fourth Circuit found that there were not enough common features between employees to permit a meaningful comparison for a disparate treatment analysis. *Id.* Such a showing includes evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *See id.* at 359 (citation omitted). Where, as here, employees on different managerial levels have nothing in common other than their employer, they are not "similarly situated" for purposes of a disparate treatment analysis. *See id.*

Here, not only were Plaintiff and Wise employees on different managerial levels—in fact, Wise was Plaintiff's subordinate—but Plaintiff conflates Wise's human resources complaint with her own despite the fact that both involve entirely different subjects. Plaintiff alleges that Wise's

5

Case 1:25-cv-00130-CCE-JEP     Document 17     Filed 06/27/25     Page 9 of 17

complaints were related to another employee, Edwards, and his alleged inappropriate staring at employees, and then, against Plaintiff for retaliation. (Am. Compl. ¶¶ 83, 112.) Plaintiff's complaints were alleged to have been about her feelings of subordinates disliking her and Edwards and Plaintiff's assumption that such dislike stemmed from their ages. (Am. Compl. ¶¶ 44, 70, 97, 114, 126.)

None of the remaining cases Plaintiff cites are persuasive. They either find that no disparate treatment existed (*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993); *Long v. Forsyth Cty Dept. of Social Services*, 2016 WL 7496122 at 3 (M.D.N.C. 2016)) or they involved direct evidence of discrimination. *See E.E.O.C. v. Baltimore County*, 747 F.3d 267, 273 (4th Cir. 2014) (evaluating a written policy for employee contributions to a pension plan that was based solely on age). Thus, the Court should not credit Plaintiff's disparate treatment theory.

        d.        **Plaintiff's Cat's Paw Theory of Liability Is Inapplicable**

Plaintiff also argues that Wolfspeed is liable under a cat's paw theory of liability—that is, Wolfspeed ratified age discrimination through the acts of Plaintiff's subordinate Wise, who allegedly discriminated against Schaper and another employee based on their ages. (Opp. at 12.) But Plaintiff does not cite any authority providing that a subordinate with no alleged influence over Wolfspeed's decision to terminate Plaintiff's employment can support a "cat's paw" theory. To the contrary, the Fourth Circuit reasons that under a cat's paw ratification theory involving a subordinate rather than an employee vested with formal decision-making authority, "the plaintiff [must] present[] sufficient evidence to establish that the subordinate was the one 'principally responsible' for, or the 'actual decisionmaker' behind, the action." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 288 (4th Cir. 2004). That is, to claim a cat's paw theory, Plaintiff must allege that Wise, as the subordinate in question, was "principally responsible" for or "the actual decisionmaker behind" Wolfspeed's decision to terminate Plaintiff's employment. *See*

6

*id*. There are no such allegations contained anywhere within the Amended Complaint. *See generally* Am. Compl. And as Plaintiff admits, Wise was not principally responsible for, nor the actual decision maker, for Plaintiff's termination. (Am. Compl. ¶¶ 35, 134, 136.) There are simply no allegations in the Amended Complaint that would allow this Court to infer or otherwise conclude that Wise—a junior employee who reported to Plaintiff—was the actual *decisionmaker* behind Wolfspeed's choice to terminate Plaintiff's employment. She was not. Plaintiff's unsupported and far-fetched cat's paw theory should be ignored.

      e. **The Court May Consider the "Obvious Alternative Explanation" Plaintiff Alleged**

For Plaintiff's claims to survive dismissal, she must plausibly allege that Wolfspeed terminated her employment to discriminate against her because of her age or to retaliate against her for engaging in protected activity. This "plausibility" inquiry is not meaningless—to satisfy it, Plaintiff must show that "discrimination is a more likely reason . . . than any other 'obvious alternative explanation'" that is discernible from the complaint. *See Wilson v. UNC Health Care Sys.*, No. 1:19CV1169, 2020 WL 5764368, at *9 (M.D.N.C. Sept. 28, 2020); *see also Overman v. Town of Hillsborough*, No. 1:18-CV-1052, 2020 WL 435825, at *2 (M.D.N.C. Jan. 28, 2020) (dismissing ADEA claim where the complaint alleged that employee was terminated due to an "inability to maintain effective relationships" and "unsatisfactory work performance"). As these cases make clear, contrary to Plaintiff's argument, courts can and should evaluate the plausibility of a plaintiff's allegations at the dismissal stage.

Here, Plaintiff alleges that she was terminated following her subordinate's complaint against her. (Am. Compl. ¶¶ 108-110.) Further, Plaintiff's EEOC Charge[3] reflects that Plaintiff

---

[3] The Court may consider the EEOC Charge for the reasons set out in note 2, *supra*, and in Wolfspeed's Motion to Dismiss.

7

was the subject of an additional complaint brought against her by three of her subordinates for inappropriate sexual comments. *See* Motion to Dismiss Ex. A (ECF No. 14-1) at 3. Nor do they represent a factual question—Plaintiff herself alleges the existence of the former complaint in the Amended Complaint and relies on the document drafted by Plaintiff (or her counsel) that describes the latter. These factual allegations represent precisely the type of alternative explanation that render Plaintiff's otherwise conclusory and speculative allegations of age discrimination and retaliation implausible. Plaintiff has not alleged facts that plausibly support an inference that Wolfspeed terminated Plaintiff's employment to retaliate or discriminate against her, and these claims should be dismissed.

### f. Plaintiff's Retaliation Claim Cannot Rest on Plaintiff's First, Second, and Third Discrimination Complaints

As explained in Wolfspeed's moving brief, to establish a retaliation claim in the absence of direct evidence, Plaintiff may rely on temporal proximity, but "the Fourth Circuit's limit to temporal proximity usually occurs when there is a gap of a month or more." *Ramos v. Carolina Motor Club, Inc.*, No. 3:17-cv-00212-RJC-DSC, 2018 WL 3040028, at *8 (W.D.N.C. June 19, 2018). Plaintiff's alleged First, Second, and Third Age Discrimination Complaints occurred months before Wolfspeed terminated Plaintiff's employment in December 2023 (March 2023, or ten months before the termination of Plaintiff's employment; June 2023, or six months before the termination of Plaintiff's employment; and September 2023, or three months before the termination of Plaintiff's employment). None can establish sufficient temporal proximity to state a *prima facie* case for retaliation.

As Plaintiff admits, in the Fourth Circuit, a gap of over two months "significantly weaken[s]" any "inference of causation from temporal proximity." (Opp. at 14, citing *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005)). Plaintiff's First, Second,

8

and Third Discrimination Complaints all occurred more than two months before Wolfspeed terminated Plaintiff's employment. (Am. Compl. ¶¶ 38-39, 43, 66-67, 70, 78, 83, 85, 92-94, 97.) Nevertheless, Plaintiff argues that at least her Third Discrimination Complaint, which occurred three months before Wolfspeed legitimately terminated Plaintiff's employment, is sufficiently close in time to support Plaintiff's retaliation claim. Plaintiff relies on cases that either contradict her argument or are inapposite.

Many of the cases Plaintiff cites involve a gap between protected activity and an adverse employment action that renders each case distinguishable. In *Horne*, the Fourth Circuit held that a two-month gap between protected activity and an adverse employment action was not sufficient to support an inference of causation. *Id.* at 364. In *Clark County School District v. Breeden*, the United States Supreme Court found a twenty-month gap between the alleged protected activity and adverse employment action to be too remote to support an inference of causality, and the Supreme Court noted applicable precedent that three- to four-month gaps are insufficient to support an inference of causation. 532 U.S. 268, 273-74 (2001). *Barbour v. Garland*, 105 F.4th 579, 593-94 (4th Cir. 2024) involved an appeal from dismissal of a retaliation claim with a six- to eight-month gap between the protected activity and the adverse employment action, coupled with significant evidence of retaliatory intent in that period. *Thomas v. City of Annapolis* is an unpublished (and thus non-binding) opinion concerning grant of summary judgment on a retaliation claim involving a gap of only twenty days between the protected activity and adverse employment action. 851 F. App'x 341, 350 (4th Cir. Mar. 12, 2021). *King v. Rumsfeld* involved a two-and-a-half-month gap. 328 F.3d 145, 151 n.5 (4th Cir. 2003). Though *Carter v. Ball* involved a four-month gap, the case involved an appeal from a directed verdict motion, and the Fourth Circuit concluded that given the evidence that the employee was not performing his job

9

duties satisfactorily, his demotion was not retaliatory. 33 F.3d 450, 460 (4th Cir. 1994). Plaintiff's reliance on *O'Neal v. Ferguson Construction Co.*, 273 F.3d 1248 (10th Cir. 2001) is misplaced for the simple reason that the case is out-of-circuit authority. Plaintiff's Third Discrimination Complaint is simply too remote in time to support her retaliation claim.

Appearing to concede that Plaintiff's alleged First and Second Discrimination Complaints are too remote in time to support a retaliation claim based on temporal proximity, Plaintiff argues that she has pleaded "other evidence of retaliatory animus" because she alleges her complaints to Wolfspeed's human resources department were not taken seriously, while the complaints of Plaintiff's subordinates were. (Opp. at 14-15.) Plaintiff does not cite any authority whatsoever providing that this type of conduct, even if true, constitutes evidence of retaliatory animus sufficient to link remote protected activity to Wolfspeed's months-later decision to terminate Plaintiff's employment. Though Plaintiff cites *Lettieri v. Equant Inc.*, the retaliation claim in that summary judgment appeal involved allegations and evidence that the plaintiff's employer reduced her job duties and formal authority in the seven-month period between her protected activity and termination. 478 F.3d 640, 650 (4th Cir. 2007). Plaintiff does not allege any comparable activity during the intervening period here. Plaintiff cannot bootstrap her First, Second, and Third Discrimination Complaints onto her retaliation claim. To the extent the Court does not dismiss the claim based on its reliance on conclusory and speculative allegations, the Court should narrow it to encompass only Plaintiff's alleged Fourth and Fifth Discrimination Complaints.

## III. CONCLUSION

Wolfspeed respectfully requests this Court dismiss Plaintiff's claims with prejudice. To the extent the Court does not dismiss Plaintiff's retaliation claim, Wolfspeed requests that it be narrowed to encompass only Plaintiff's alleged Fourth and Fifth Discrimination Complaints.

10

This the 27th day of June, 2025.

/s/ Michaela C. Holcombe
Rebecca K. Lindahl
N.C. Bar No. 35378
rebecca.lindahl@katten.com
Michaela C. Holcombe
N.C. Bar No. 50780
michaela.holcombe@katten.com
KATTEN MUCHIN ROSENMAN LLP
615 South College Street Suite 1700
Charlotte, NC 28202
*Attorneys for Defendant Wolfspeed, Inc.*

11

**CERTIFICATE OF WORD COUNT**

The undersigned counsel of record for Wolfspeed, Inc. hereby certifies that the accompanying brief complies with Local Rule 7.3(d)(1). By relying on the word count feature of Microsoft Word used in preparation of the brief, I certify that this brief contains fewer than 3,125 words, excluding the caption and signature blocks but including footnotes.

*/s/ Michaela C. Holcombe*
*Attorney for Defendant Wolfspeed, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the following:

Evan Gungor
Spitz, The Employee's Law Firm
5540 Centerview Drive Suite 200B
Raleigh, NC 27606
evan.gungor@spitzlawfirm.com
*Attorney for Plaintiff Theresa Schaper*

        */s/ Michaela C. Holcombe*
        *Attorney for Defendant Wolfspeed, Inc.*