IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THERESA SCHAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:25-CV-130 |
| | ) | |
| WOLFSPEED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the defendant's motion to dismiss for failure to state a claim. A plaintiff is not required to prove her case in the complaint, *see, e.g.*, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012); *Scott v. City of Durham*, 2021 WL 3856168 at *2 (M.D.N.C. August 27, 2021), and all reasonable inferences are drawn in favor of the plaintiff at this stage. *See, e.g., Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The amended complaint meets this standard as to both the discrimination claim and the retaliation claim.

The defendant complains that the plaintiff knew she was terminated because of a pattern of unprofessional conduct, Doc. 14 at 5; Doc. 17 at 5, but that "fact" is nowhere alleged or implied in the amended complaint. *See* Doc. 12. The defendant asserts that the complaint "consists almost entirely of bare recitations of the elements," Doc. 14 at 5, but this ignores many paragraphs of specific factual allegations too many to summarize

here. By way of example only, the plaintiff recounts in considerable detail how her repeated reports of age discrimination were ignored and how age-ist comments in the workplace were tolerated. *See* Doc. 12. In the face of these detailed factual allegations, the defendant's contention that the complaint is "bare bones," *id.* at 11, and "conclusory," *id.,* at 10, 16; Doc. 17 at 12, is without merit.

In the alternative, the defendant contends that some of the earlier events of alleged discrimination lack the temporal proximity needed to rise to a plausible inference of retaliation. But given the pattern over time and totality of the circumstances, as alleged by the plaintiff, the retaliation claim is, at this stage, plausible.

It is **ORDERED** that:

1. The defendant's motion to dismiss the amended complaint, Doc. 13, is **DENIED**.
2. The defendant **SHALL** file answer no later than July 16, 2025.
3. As authorized by Federal Rule of Civil Procedure 26(a)(1)(C), the plaintiff **SHALL** serve her initial pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) no later than June 23, 2025, and the defendant **SHALL** serve its initial pretrial disclosures no later than June 30, 2025.
4. The matter is referred to the Magistrate Judge for an initial pretrial scheduling conference.

This the 1st day of July, 2025.

_____
UNITED STATES DISTRICT JUDGE